UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

Civil No. 01-1121 (RHK/SRN)

vs.

**ORDER**

Mayo Foundation for Medical Education and Research, Mayo Foundation,

Defendants.

---

On September 3, 2002, the Court stayed all proceedings in this matter and removed it from the Court's October, 2002, trial calendar. The purpose of the Court's action was to allow the parties sufficient time to finalize a settlement which had been reached "in principle." Four months have now elapsed and the settlement has not been finalized. Accordingly,

**IT IS ORDERED:**

Unless the Court is advised in writing on or before February 28, 2003, that thc above matter has been fully settled, and the necessary authorization approvals of said settlement have been obtained, the Court will enter an Order on March 3, 2003:

1. vacating the September 3, 2003 Order (Doc. No. 35) staying all proceedings;

JAN 0 9 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. placing the case on the Court's May 1, 2003 trial calendar; and

3. directing the parties to exchange and submit all trial materials no later than April 1, 2003.

The Court does not intend to grant extensions of the February 28, 2003 deadline set forth above.

Dated: January 9, 2003

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.